UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MRACNA,
        Plaintiff,

No. 1:07-cv-1071

-v-

HONORABLE PAUL L. MALONEY

CORRECTIONAL MEDICAL SERVICES, ET AL.,
        Defendants.

## OPINION AND ORDER ADOPTING IN PART OVER OBJECTIONS AND REJECTING IN PART A REPORT AND RECOMMENDATION

This matter comes before the Court on a report and recommendation (Dkt. No. 64) issued by the magistrate judge. Plaintiff Mracna, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint alleging Defendants failed to provide him with adequate medical treatment. Defendants Lee[1], May, Correctional Medical Services (CMS), LaNore, and Nelson filed a motion (Dkt. No. 33) to dismiss. Plaintiff filed a response. (Dkt. No. 43.) Defendants filed a reply. (Dkt. No. 44.) Defendants Haresh, Boeve, Aquino, Thompson and Wysozan filed a separate motion (Dkt. No. 36) to dismiss. Plaintiff filed two motions (Dkt. Nos. 57 and 61) to supplement. In the report, the magistrate judge recommends granting Defendants' motions, recommends dismissing Defendant Irish and Ivens for failure to timely effect service, and recommends denying Plaintiff's motions. Plaintiff filed objections. (Dkt. No. 65.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge,

---

[1] Plaintiff identifies this individual as "Donna Vander Arc" in his complaint. On April 23, 2008, counsel filed an appearance on behalf of Donna Lee, formerly Donna Vander Arc. (Dkt. No. 30.) Here, this Defendant will be referred to by her current surname, Lee.

a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

## ANALYSIS

A. Defendants Lee, May, LaNore, and Nelson

Defendants seek dismissal of the action on the basis that Plaintiff failed to exhaust his administrative remedies. Although Defendants filed the motion as a motion to dismiss, they also briefed the law and facts as a motion for summary judgment. Defendants attached two of Plaintiff's grievances to the motion. Plaintiff had attached copies of a third grievance to his complaint. Based upon the three grievances, the magistrate judge recommends granting the motion on summary judgment grounds. Plaintiff has not specifically objected to the magistrate judge's decision to treat

2

the motion as one for summary judgment. Plaintiff has not objected to the magistrate judge's decision to use the three grievances as the basis for deciding the motion.

With regard to Defendants Lee, May, LaNore and Nelson, the report accurately summarizes the relevant facts and law. The magistrate judge's recommendations regarding Defendants Lee, May, LaNore and Nelson are insightful and well reasoned. Accordingly, the report and recommendation with regard to Defendants Lee, May, LaNore and Nelson is adopted as the opinion of this Court. This Court notes, other than identifying Lee, May, and Nelson as Defendants, neither the complaint nor the grievance documents mention Defendants Lee, May and Nelson. With regard to Defendant LaNore, the complaint does repeatedly refer to him. However, none of the grievance documents mention Defendant LaNore by name. Plaintiff's authority[2] on this issue does not compel a different result. When neither the complaint nor grievance outlines any factual basis for a claim against a named defendant, Plaintiff cannot be said to have exhausted his administrative remedies against that defendant.[3]

B.  Defendant CMS

The magistrate judge recommends dismissing the claims against Defendant CMS because Plaintiff has not alleged his injuries were caused by a policy, practice, or custom of Defendant CMS. The report summarizes the appropriate standard for a motion for summary judgment, but does not

---

[2]Plaintiff quotes a report and recommendation issued in another case, identifying it only by the case number. The case numbers Plaintiff cites are incorrect. The passage Plaintiff quotes appears in *Heggie v. MDOC*, No. 1:07-cv-1024, slip op. at 9 (W.D. Mich. Nov. 26, 2008) (report and recommendation).

[3]Although the magistrate judge addressed the motion as one for summary judgment, based on the facts alleged in the complaint, Defendants Lee, May, LaNore and Nelson would be entitled to dismissal under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-1950 (2009).

3

outline the appropriate standard for a motion to dismiss. Plaintiff objects to recommendation, arguing his complaint does assert his injuries are the result of some policy, practice or custom of Defendant CMS because it refused to authorize cataract surgery recommended by Plaintiff's treating physicians.

The United States Supreme Court recently reviewed the standard for reviewing complaints on motions to dismiss. Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true any legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-1950 (2009). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and the "claim to relief must be plausible on its face" *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 129 S.Ct. at 1949 (citations omitted). The Supreme Court offered some guiding principles for trial courts deciding motions to dismiss under the new standard.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

4

relief.

*Id.* at 1950.

Reviewing the complaint, Plaintiff has set forth sufficient facts from which this Court could reasonably infer that a policy, practice or custom of Defendant CMS caused Plaintiff's injuries. In his objection, Plaintiff abandons any claim that his prostrate treatment was the result of some policy, practice or custom of Defendant CMS because he only mentions his cataract treatment. Reviewing his complaint, Plaintiff does allege sufficient facts stating a claim upon which relief may be granted. Although Plaintiff does not use the words "policy, practice or custom," Plaintiff does allege a pattern of denials of treatment by Defendant CMS for the eye surgery recommended by Plaintiff's treating physician. (*See* Compl. 14-16.) Those factual allegations are sufficient to survive a motion to dismiss.

C. Defendants Haresh, Boeve, Aquino, Thompson and Wysozan

The magistrate judge found Plaintiff sued Defendants Haresh, Boevo, Aquino, Thompson and Wysozan in their official capacity. (*See* Compl. 2 and 2-A.) Plaintiff does not object to this conclusion. The magistrate judge recommends granting Defendants' Haresh, Boevo, Aquino, Thompson and Wysozan summary judgment on the basis of Eleventh Amendment immunity. Plaintiff's objection on this point does not address any of the magistrate judge's factual or legal conclusions. The report accurately summarizes the relevant facts and law on this issue. The magistrate judge's recommendations regarding Defendants Haresh, Boeve, Aquino, Thompson and Wysozan are insightful and well reasoned. Accordingly, the report and recommendation with regard to Defendants Haresh, Boeve, Aquino, Thompson and Wysozan is adopted as the opinion of this Court.

5

D. Defendant Irish and Ivens

The magistrate judge recommends dismissing Defendants Irish and Ivens under FED. R. CIV. P. 4(m) for failure to timely serve the complaint. Plaintiff argues, in his objection, that the marshal service was supposed to serve these Defendants and he has no way of serving them as he is incarcerated. The record indicates the marshal service unsuccessfully attempted to serve Defendants Irish (Dkt. No. 6) and Ivens (Dkt. Nos. 26 and 27) based upon the information provided by Plaintiff. The report accurately summarizes the relevant facts and law on this issue. The magistrate judge's recommendations regarding Defendants Irish and Ivens are insightful and well reasoned. Accordingly, the report and recommendation with regard to Defendants Irish and Ivens is adopted as the opinion of this Court.

E. Plaintiff's Motions to Supplement

The magistrate judge recommends denying Plaintiff's motions to supplement because Plaintiff cannot establish he exhausted his administrative remedies on the additional claims. Plaintiff argues the reason he did not file a step III grievance on the additional claim was because he was told he would receive treatment. Plaintiff asserts Defendant CMS then refused to provide the treatment. The motions to supplement do not add any additional claims against Defendant CMS. The report accurately summarizes the relevant facts and law on this issue. The magistrate judge's recommendations regarding motions to supplement are insightful and well reasoned. Accordingly, the report and recommendation with regard to the motions to supplement is adopted as the opinion of this Court.

CONCLUSION

For the reasons provided above, Defendants Lee, May, LaNore, and Nelson are entitled to summary judgment on the claims against them because Plaintiff failed to exhaust his administrative remedies on those claims. Defendant CMS is not entitled to be dismissed as Plaintiff's complaint does allege sufficient facts to state a claim against Defendant CMS on which relief may be granted. Defendants Haresh, Boeve, Aquino, Thompson and Wysozan are entitled to summary judgment on the claims against them as they are entitled to immunity under the Eleventh Amendment. Defendants Irish and Ivens are dismissed as more than 120 days have passed since the complaint was filed and Plaintiff has not established good cause for failure to serve them. Finally, Plaintiff's motions to supplement are denied as the additional claims were not administratively exhausted.

ORDER

Consistent with the above opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 64) is **ADOPTED IN PART OVER OBJECTIONS AND REJECTED IN PART.**

2. Defendants Lee, CMS, May, LaNore and Nelson's motion (Dkt. No. 33) to dismiss is **GRANTED IN PART AND DENIED IN PART.** Defendants Lee, May, LaNore and Nelson are entitled to summary judgment for failure to exhaust administrative remedies. The claims against Defendants Lee, May, LaNore and Nelson are **DISMISSED WITHOUT PREJUDICE.**

3. Defendants Haresh, Boeve, Aquino, Thompson, and Wysozan's motion (Dkt. No. 36) to dismiss is **GRANTED.** The claims against Defendants Haresh, Boeve, Aquino, Thompson, and Wysozan are **DISMISSED WITH PREJUDICE.**

4. Plaintiff's motions (Dkt. Nos. 57 and 61) to supplement are **DENIED.**

5. Defendants Irish and Ivens are **DISMISSED WITHOUT PREJUDICE.**

Date:   September 22, 2009                    /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              Chief United States District Judge