UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MRACNA,

       Plaintiff,                           Hon. Paul L. Maloney

v.                                           Case No. 1:07 CV 1071

CORRECTIONAL MEDICAL
SERVICES, et al.,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**

For the reasons discussed below, the Court, pursuant to 28 U.S.C. § 636(b)(1)(B), recommends that **the present action be dismissed for Plaintiff's failure to prosecute**.

Plaintiff initiated this action on October 24, 2007, at which time he was incarcerated by the Michigan Department of Corrections. Plaintiff was discharged from custody on November 10, 2009.[1] In the more than three months since being released from custody, Plaintiff has failed to provide the Court with a current, valid address. Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution."

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is

---

[1] http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=243117 (last visited February 19, 2010).

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiff's claims be dismissed for failure to prosecute. Since his release from custody more than three months ago, Plaintiff has failed to participate in this matter or provide the Court with his current address. The Court attributes such prolonged inactivity as willful on Plaintiff's part. Plaintiff's refusal to participate in this matter will undoubtedly prejudice Defendants' ability to effectively and efficiently defend themselves against Plaintiff's many claims.

While Plaintiff has not previously been warned by the Court that dismissal of his claims might result from his refusal to participate in this matter, this Report and Recommendation will serve as such a warning and affords Plaintiff an opportunity to refute the Court's recommendation that dismissal is appropriate. Finally, given Plaintiff's refusal to participate in this matter for several months the Court finds that dismissal of Plaintiff's claims is an appropriate sanction.

In sum, Plaintiff has failed to notify the Court of his current address and has not participated in this matter in any way for more than three months. Under these circumstances, the Court concludes that dismissal with prejudice of Plaintiff's claims is appropriate.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 23, 2010   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge